UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. CROWDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:13-cv-00111-VEH-SGC |
| ) | |
| LEON FORNISS, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

On February 22, 2016, the magistrate judge entered a report recommending this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied as time-barred and procedurally defaulted. (Doc. 31). On March 7, 2016, the petitioner, James A. Crowder, filed a pleading styled as a "Reply to Magistrate Judge's Report and Recommendation." (Doc. 32). The court will treat this pleading as posing objections to the magistrate judge's report and recommendation. For the reasons that follow, Petitioner's objections will be overruled and the report and recommendation will be adopted and accepted.

First, Petitioner contends the magistrate judge erred by: (1) entering the report and recommendation in this case because there was not unanimous consent to magistrate judge jurisdiction; and (2) "disregarding" a previously-assigned magistrate judge's order requiring Respondents to show cause why the relief requested in the

petition should not be granted. (Doc. 32 at 2). Petitioner is correct that the parties have not unanimously consented to magistrate judge jurisdiction. However, in cases referred to magistrate judges where unanimous consent is lacking, federal law provides that a report and recommendation is proper. 28 U.S.C § 636(b). Next, to the extent Petitioner contends the report and recommendation somehow disregards the order to show cause, this objection is without merit. After Respondents responded to the order to show cause, the previously-assigned magistrate judge entered an order pursuant to *McBride v. Sharpe*, 25 F.3d 962 (11th Cir. 1994), informing Petitioner: (1) that this matter was ripe for summary disposition; and (2) of his right to file additional affidavits and materials in further support of the petition. (Doc. 19). Petitioner replied (Doc. 20),[1] and the entry of a report and recommendation is appropriate under these circumstances.

Next, Petitioner objects to the report and recommendation's conclusion that his claims are time-barred. (Doc. 32 at 2). In support, Petitioner cites documents already addressed by the magistrate judge. (*Id.*). However, Petitioner does not allege, and the undersigned cannot discern, any error in the conclusion that Petitioner's claims are time-barred. Moreover, Petitioner has not even attempted to contest the magistrate judge's conclusion that his claims are procedurally defaulted.

---

[1] Petitioner actually filed two replies to Respondents' response: one before (Doc. 14) and one after (Doc. 20) the entry of the *McBride* Order. The report and recommendation addresses both replies.

Accordingly, even if Petitioner's claims were somehow timely, they would be denied as procedurally defaulted nonetheless.[2]

After careful consideration of the record in this case, the magistrate judge's report, and Petitioner's objections, Petitioner's objections are **OVERRULED**. The court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations.  In accordance with the recommendation, the court finds that the claims in the instant petitioner are due to be denied as time-barred and procedurally defaulted.  Additionally, for the reasons stated in the report and recommendation, a certificate of appealability will be denied, pursuant to Rule 11 of the *Rules Governing 2254 Proceedings*.

A separate order will be entered.

**DONE** this 9th day of March, 2016.

     /s/ V.E. Hopkins     
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] Finally, Petitioner objects to the report and recommendation's statements regarding another habeas petition filed by Petitioner and adjudicated in this district. *See Crowder v. Forniss*, No. 13-0118-KOB-SGC (N.D. Ala. *closed* Mar. 12, 2014). To the extent Petitioner objects on the basis that the report and recommendation states that these two petitions were identical (Doc. 32 at 2-3), he is mistaken.  The magistrate judge correctly stated that a motion filed in the instant matter is identical to a motion filed in Petitioner's other habeas proceeding.  (Doc. 31 at 10).  Moreover, even if these objections were sustained, Petitioner's claims would be time-barred and procedurally defaulted.